**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MARQUEZ T. HOLMES,**

**Petitioner,**

**v.** **Civil Action No. 2:17cv79**
**(Judge Bailey)**

**DEWAYNE HENDRIX, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

On June 20, 2017, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241. On August 24, 2017, Petitioner satisfied the $5.00 filing fee. On August 25, 2017, Respondent was directed to show cause why the petition should not be granted. On September 13, 2017, Respondent filed a Motion to Dismiss and Response. Because a declaration and attachments were included with the Motion to Dismiss, the undersigned construed the same as a Motion for Summary Judgment and issued a Roseboro Notice on September 14, 2017. On December 28, 2017, an Amended Roseboro Notice was issued to clarify why the Motion to Dismiss was construed as a Motion for Summary Judgment. To date, Petitioner has not responded.

### I. Factual and Procedural Background

Petitioner, a federal inmate incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"), is serving a 60-month sentence following his conviction in the United States District Court for the Northern District of

Georgia for Attempt to Distribute More Than 500 Grams of Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and Extortion under Color of Right, in violation of 18 U.S.C. § 1951(a). ECF No. 13-1 at 10-11. According to the Bureau of Prisons website, Petitioner's current projected release date is February 1, 2019. See bop.gov.

Because of his participation in the Residential Drug Abuse Program ("RDAP"), Petitioner requested review of his eligibility for early release pursuant to 18 U.S.C. § 3621(e). On December 31, 2014, the Designation and Sentence Computation Center ("DSCC") found him ineligible for early release because his offenses of conviction were accompanied by a court-adopted Specific Offense Characteristic ("SOC") enhancement for possession of a dangerous weapon.

## II. Contentions of the Parties

### A. The Petition

Petitioner alleges that he was denied consideration for early release under 18 U.S.C. § 3621 due to an unlawful application of 28 C.F.R. § 550.55. In support of this allegation, Petitioner notes that he successfully completed the RDAP on March 3, 2017, but was denied consideration for early release because his sentence included an enhancement under the sentencing guidelines for possession of a gun even though the gun possession was not an element of any of his charges. Petitioner also seeks a declaration from this Court that 28 C.F.R. 550.55 is invalid as applied to him and argues that the entirety of that regulation "should be set aside and stricken un[d]er 5 USC 705 as arbitrary, [capricious], and abuse of discretion and otherwise unlawful." ECF No. 1 at 5.

**B. The Respondent's Motion**

In his motion to dismiss, Respondent asserts that the petition should be dismissed for the following reasons:

1. 18 U.S.C. § 3625 precludes judicial review under the Administrative Procedures Act ("APA") of the BOP's discretionary and individualized early release determinations;

2. The Webster[1] exception to judicial review bar is inapplicable in this case, because the petition is void of any cognizable constitutional claim that would warrant this Court's review; and

3. The Neal[2] exception to the judicial review bar is inapplicable in this case because the BOP's interpretation of 18 U.S.C. § 3621(e) is not contrary to well-settled law.

## III. Standard of Review

**A. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the

[1] Webster v. Doe, 486 U.S. 592 (1988).
[2] Neal v. United States, 516 U.S. 284 (1996).

truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In 1994, to encourage inmates to participate in such programs, Congress authorized the BOP to reduce by up to one year the sentence of "a prisoner convicted

of a nonviolent offense" who successfully completes a treatment program. 18 U.S.C. § 3621(e)(2)(B);[3] Pelissero v. Thompson, 170 F.3d 442, 443-444 (4th Cir. 1999). Congress delegated to the BOP authority to administer its drug abuse programs, see 28 C.F.R. §550.56, and gave the BOP the discretion to determine which prisoners may participate in RDAP and which prisoners are eligible for sentence reductions. Lopez v. Davis, 531 U.S. 230 (2001).

Because §3621(e) does not define "nonviolent offense" nor set forth criteria for eligibility for early release, the BOP is vested with discretionary authority to determine when an inmate's sentence may be reduced under the statute. Pursuant to this authority the BOP has promulgated regulations to implement the statute. The regulation set forth at 28 CFR 550.55, *et seq*. and in Program Statement 5162.05, Categorization of Offenses, have been upheld as a valid exercise of discretion under 18 U.S.C. § 3621 (e)(2)(B). See Lopez v. Davis, 531 U.S. 230, 240 (2001); Cunningham v. Scibana, 259 Fed 3d 303, 306 (4th Cir. 2011).

Title 28 C.F.R. Section 550.55 provides, in part, that prisoners whose current felony offense "involve the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "by its nature or conduct, presents a serious potential risk of physical force against the person

---

[3] This section provides as follows:
The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

or property of another" are ineligible for early release. 28 C.F.R. §550.55(b)(5)(ii) and (iii).

Although Petitioner's offenses are not crimes of violence in all cases as defined by Program Statement 5162.05, they are included in Section 4: "Offenses that at the Director's Discretion Shall Preclude an Inmate's Receiving Certain Bureau Program Benefits." (Specifying early release as an example of an included benefit). Such offenses include felonies that (1) have an element, the actual, attempted, or threatened use of physical force against the person or property of another; (2) involve the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device); or (3) by its nature or conduct presents a serious potential risk of physical force against the person or property of another. See id. The criminal offenses listed in Section 4b (including 21 U.S.C. §§ 841 and 846 convictions) may or may not satisfy the standard, depending on whether the offense involved the use or threatened use of force, or risk of bodily injury as reflected in a SOC enhancement to the Total Offense Level. ECF No. 13-1 at 38, 42. In Section 4d of Program Statement 5162.05 (also 28 CFR § 550.55 (b)(6)), a conspiracy offense (21 U.S.C. § 846) prevents a prisoner from receiving certain benefits if the underlying offense would preclude receiving the benefits based on any other portions of Section 4. Id. at 44.

In the instant case, the United States Probation Officer recommended a two-level increase for possessing a firearm during the commission of the drug offense. ECF No. 13-1 at 6. In its SOR, the sentencing court adopted the recommended PSR "without change," thereby affirming and adopting the recommended two-level SOC

enhancement. Id. Therefore, the BOP exercised its discretionary authority to determine that the 21 U.S.C. § 841 offense and sentencing enhancement precluded Petitioner's early release. Because Petitioner's underlying offense precluded his early release, it follows that the 21 U.S.C. § 846 conspiracy offense precluded early release as well. See 28 C.F.R. § 550.55(b)(6); Program Statement 5162.05(4)(d).

Although Petitioner frames his challenge in the nature of a general attack on the enactment of regulations relied upon by the DSCC to deny him eligibility for discretionary release, to the extent they could be construed as a direct challenge to the individual decision made by the BOP in his case, such matters are expressly precluded from judicial review by the language of 18 U.S.C. § 3625. The decision to admit an inmate to RDAP (and the resulting possibility of an earned sentence reduction) is reserved to the discretion of the BOP under the language of 18 U.S.C. § 3629(e)(2)(B). Congress specifically excluded these subsections from judicial review under the APA by the express terms of § 3625 which provides in relevant part "the provisions of § 554 and § 555 and §§ 701-706, of Title V, United States Code, [the APA] do not apply to the making of any determination, decision, or order under this subchapter. 18 U.S.C. § 3625. As a result, the BOP's individual decision to deny Petitioner access to the discretionary sentence reduction is not reviewable by this Court under the Act. Savage v. Wilson, No. 2:13cv578, 2014 WL 1902709, at *5 (E.D. Va. May 8, 2014); Schlager v. Stewart, No. 5:11cv118, 2012 WL 589205, at *1 (N.D. WV Feb. 22, 2012).

However, section 706(2)(A) of the APA states that a court will "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a).

Stated differently, "even where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." Garcia v. Nagle, 660 Fed 2nd 983, 988 (4th Cir. 1981). This analysis addresses first whether any cognizable claim has been presented and second whether an agency's interpretation of a statute is contrary to well-settled law. See Webster v. Doe, 486 U.S. 592 (1988); Neal v. United States, 516 U.S. 284 (1996). Apart from Petitioner's conclusory and self-serving contentions, he provides no factual or legal grounds to substantiate his claims that the BOP exceeded its legal authority, acted unconstitutionally or failed to follow its own regulations when it determined him ineligible for early release.

Furthermore, as noted above, the regulation relied upon by the BOP to deny Petitioner access to early release incentive is found in 28 CFR § 550.55, re-issued in the 2009. As it pertains to Petitioner's claim, the rule declares certain inmates ineligible for early release, including those who have a current felony conviction for "an offense that involves the carrying, possession, or use of a firearm or other dangerous weapon," as well as an offense that, "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 CFR § 550.55(b)(5)(ii)-(iii). Liberally construed, Petitioner claims the rule is contrary to the statutory intent expressed in 3621(e)(2)(B), which specified only those convicted of nonviolent offenses could be considered for early release. Because his offense of conviction would not bar him from early release, Petitioner appears to claim the BOP's regulation, which expands a group of offenders deemed ineligible, is invalid.

When issued in 2009, the rule was accompanied by the following statement of

purpose:

> There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." 531 U.S. 230, 240 (2001). The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
>
> Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the courts deemed appropriate to impose.

Whitaker v. Stansbury, No. 3:03cv662, 2009 WL 3762320, at 4 (E.D. Va. Nov. 9, 2009) (quoting 74 Fed. Reg. 1892-01, 1895, Jan. 14, 2009).

This rule and its explanatory statement clearly satisfied the BOP's obligation to provide a "rational connection between the facts found and the choice made." See Lopez, 531 US at 240. Public safety is clearly affected by the significant potential for violence resulting from armed offenders. As a result, neither promulgation of the rule, nor applying it to exclude Petitioner from the discretionary sentence reduction, violates the APA. Motor Vehicle Mfrs. Ass'n, 463 US at 433 (quoting Burlington Truck Lines Inc. v. United States, 371 U.S. 156, 168 (1962)).

Finally, to the extent Petitioner is asserting that the BOP determination at issue herein constitutes a violation of his right to due process, his argument is unavailing. The Due Process Clause applies only when government action deprives a person of a protected liberty or protected interest under the Fifth Amendment. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "[T]here is no

constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Id. Courts have previously noted that a prisoner does not have a protected liberty interest in discretionary early release under 18 U.S.C. 3621(e) for completion of the RDAP. See e.g., Robinson v. Gonzalez, 493 Fed Supp 2nd 758, 763 (district Maryland 2007); Simmons v. Warden, FCI Cumberland, 2011 WL 147294 *3 (D.Md. 2011).

Finally, the determination of early release eligibility is separate and apart from the determination of eligibility for RDAP participation. Successful completion of the RDAP does not compel the BOP to grant early release. See Lopez, 531 U.S. at 239-41 (BOP has authority, but not duty, to alter conditions of confinement and to reduce the terms of imprisonment). The BOP may exclude inmates from early release either categorically or on a case-by-case basis. See id. at 244. Accordingly, the facts of this petition do not implicate a constitutionally protected liberty interest and there is no violation of due process.

## V. Recommendation

For the foregoing reasons, the undersigned concludes that no genuine issues of material fact are presented and recommends that Respondent's construed Motion for for Summary Judgment [ECF No. 12] be **GRANTED** and the petition [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the

basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: March 14, 2018

/s. James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE